# Israel Lau's Estate.  Rebecca Lau's Estate.

*Trusts and trustees, resulting trust—Husband and wife—Evidence—Auditor's finding.*

Where the title to land was in the husband for many years up to the time of his death, and his administratrix, who was his widow, sold the land under an order of the orphans' court for the payment of his debts, and the widow afterwards claimed the fund arising from said sale by virtue of a resulting trust in her favor growing out of the payment of the purchase money by her, and the only evidence before the auditor appointed to distribute the fund was the husband's declarations in the absence of the wife, made several years after the purchase, and the auditor finds that the facts alleged as the basis for the resulting trust were not proved by clear, explicit and satisfactory evidence, and finds against the trust, and the report is approved by the court below, the Supreme Court will not disturb the decree unless error be pointed out in the findings.

Argued May 21, 1896.   Appeal, No. 374, Jan. T., 1896, by Rebecca Lau, from decree of O. C. York Co., dismissing exceptions to auditor's report.  Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to auditor's report.

The auditor, E. W. Spangler, reported as follows :

Israel Lau, the decedent, died on the 12th day of September, 1891, and seized of personal estate and three farms.  By his will dated June 30, 1885, he bequeathed and devised all his estate to his wife Rebecca Lau during her life or widowhood. Failing to obtain counsel, and laboring under a misapprehension of her rights and responsibilities, she conducted the farms as her own, obtaining the proceeds therefrom and paying thereout the running expenses, and devoting the balance to the reduction of her husband's debts.   This led to difficulties, and when her account was filed the exceptions thereto were partially sustained, and she was surcharged $752.31, making the corrected balance $4,193.94.

Mrs. Rebecca Lau, the wife of the decedent, presented a claim of $3,250 for money advanced to her husband and for which she claims allowance with interest from the date of receipt to this time $3,563—total $6,813.   The evidence adduced, as to

the principal, fulfilled the requirements of the law—Young's Est., 65 Pa. 101; Wormley's Est., 137 Pa. 101—and shows that her husband received from her the above amount, in various sums and at various times; and that he applied it to the purchase of the Rupert farm and the building of a barn on another farm. The farm he purchased from Jonas Rupert, April 3, 1878, for the sum of $2,200. This farm was sold by the executrix to a Mr. Baker for the sum of $1,657.

This sum of $1,657 it is contended by Mrs. Lau's counsel must be appropriated exclusively to the payment of Mrs. Lau's demand in virtue of a resulting trust in said farm, and her right to claim the proceeds of its sale.

The testimony unquestionably shows that it was Mrs. Lau's money that paid for this Rupert farm. Her husband repeatedly stated to his neighbors, in her absence, that he was buying the farm for her, that the farm was hers, that he invested her money in it, that she owned the place, that he had nothing to do with the farm, and that the farm was not his.

There is no evidence showing, or tending to show, that the deed for the farm was to be made to her, or that she ever demanded in her husband's lifetime a deed for the same,—no evidence whatever of a fraud committed upon her. Even after his death, in her petition to court for a sale of the real estate of her deceased husband, including this farm, she set forth among the debts of the testator her own claim for this money loaned or advanced to him. No assertion of a resulting trust is shown to have been advanced until the present distribution. Every presumption of fact is in favor of her knowledge that the deed for this farm was made to her husband, and that she knew that she occupied the relation simply of a creditor.

The cases cited in favor of the contention of a resulting trust were Miller v. Baker, 166 Pa. 414; Light v. Zeller, 144 Pa. 570, 582. In the last case the title was to be in the wife, and the extreme doctrines there enunciated have been modified in subsequent cases. In Miller v. Baker the facts developed were quite different from those now under consideration. Justice McCollum on p. 420 says: "We think it is clearly sufficient to warrant a finding that the farm was purchased for the wife and with her money upon an understanding between her and her husband that she should receive the title to it, and, further,

that the deeds were made to him without her knowledge, and by mistake." In Crawford v. Thompson, 142 Pa. 551, it was held that to establish a resulting trust in the wife the proof must show that the placing of the title in her husband was in "violation of an agreement that the deed was to be made to her." In Young's Appeal, 153 Pa. 353, the Supreme Court held that where the wife allows the title to remain in her husband until after he contracts a debt, she will be estopped as against that creditor from denying the title to her husband.

The auditor rejected the wife's claim to a resulting trust.

Exceptions to the auditor's report were dismissed in an opinion by BITTENGER, P. J.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Nevin M. Wanner, Allen C. Wiest* with him, for appellant.— It is well established law that a resulting trust may be established by parol evidence, such as that which was offered in the present case: Feig v. Meyers, 102 Pa. 10; Beck's Executor v. Graybill, 28 Pa. 66; Lloyd v. Carter, 17 Pa. 216; Jackman v. Ringland, 4 W. & S. 149; Harrisburg Bank v. Tyler, 3 W. & S. 373.

Where the fact is well established that the wife's money paid for the land, though title was taken by the husband, a resulting trust will arise in her favor, which may be enforced either against the husband, his creditors, or his legal representatives: Farrell v. Lloyd, 69 Pa. 239; Nichols v. Nichols, 149 Pa. 172; Behm v. Molly, 133 Pa. 614; Heath v. Slocum, 115 Pa. 549; Miller v. Baker, 160 Pa. 172; Miller v. Baker, 166 Pa. 414; Henderson v. Maclay, 5 Cent. Rep. 225; Hay v. Martin, 14 Atl. Rep. 333; Bigley v. Jones, 114 Pa. 510; Gilchrist v. Brown, 165 Pa. 275; Darlington's App., 86 Pa. 512; Rupp's App., 100 Pa. 537; Fillman v. Divers, 31 Pa. 420; Miller v. Baker, 166 Pa. 414; Light v. Zeller, 144 Pa. 570.

*Henry C. Niles, Frank Geise* with him, for appellee.—Neither the case of Light v. Zeller, 144 Pa. 570, nor any other, is authority to sustain a resulting trust against a recorded deed, under circumstances such as are here, giving to her the benefit of every doubt and implication arising from the evidence.

Light v. Zeller, 144 Pa. 570, pointedly decides that an essen-

tial element for the success of such a claim is that although the husband took the title he took it under an agreement at the time that he should hold it for her: Wylie v. Mansley, 132 Pa. 65.

PER CURIAM, May 28, 1896:

The fund now for distribution was raised by the claimant. She was the administrator of her deceased husband. The title to the real estate from which the fund has been raised was in her husband at the time of his death and had been for many years. Some time after his death, she applied to the orphans' court for leave to sell the land as his, and for the payment of his debts. Leave was granted and the sale made, and approved by the orphans' court. Now she claims to be entitled to the fund she has raised for her husband's creditors, by virtue of a resulting trust in her favor growing out of the payment of the purchase money by her. The auditor held that upon the whole case the facts alleged as the basis for the resulting trust were not proved by evidence that was clear, explicit, and satisfactory, and he found against the existence. The orphans' court has upon full hearing approved and adopted the findings of the auditor, and denied her right to the fund under the alleged trust. We have not been persuaded that the evidence is clear, explicit, and satisfactory, or that upon all the facts the trust should be sustained.

The decree is therefore affirmed at the cost of the appellant.